1544

FILED
FEB 02 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 21-37 |
| v. | ) | (18 U.S.C. § 1040(a)(1)) |
| | ) | |
| LATASHA HUTCHINSON | ) | **[UNDER SEAL]** |

## INDICTMENT

### INTRODUCTION

1. At all times material to this Indictment, the United States government has been taking steps to slow the spread of the novel coronavirus (COVID-19) and to mitigate its impact on the public's health and economic well-being.

2. On March 13, 2020, the President declared the ongoing COVID-19 pandemic to be an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

3. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) was signed into law. The CARES Act created the Pandemic Unemployment Assistance (PUA) program, which provided unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits.

4. The CARES Act also provided for an emergency increase in unemployment compensation benefits, referred to as Federal Pandemic Unemployment Compensation (FPUC). FPUC provided eligible individuals with $600.00 per week in addition to the weekly benefit amount they received from certain other unemployment compensation programs, to include PUA.

5. The PUA and FPUC programs (collectively, "pandemic benefits") are administered by the various states, including the Commonwealth of Pennsylvania, but their benefits are funded in part by the federal government. In order to receive pandemic benefits, an

applicant must access a website maintained by the Commonwealth of Pennsylvania and file a claim.

6. Individuals are only eligible for PUA benefits if they are unemployed for reasons related to the COVID-19 pandemic and are available to work.

7. Once an applicant is at the website, the individual is required to enter personal identifying information, including their name, date of birth, social security number, email, phone number, and physical address. An applicant is then required to answer a series of questions to determine their eligibility and payment amount.

8. Upon completion, the application is submitted to the Pennsylvania Department of Labor for review. If approved, the applicant is notified of the amount they will be paid per PUA, which is referred to as the "benefit amount," and the amount they will be paid per FPUC, which is referred to as the "stimulus amount."

9. Following the submission of a claim, and in order to receive benefits for a week of unemployment, an individual must certify eligibility for PUA benefits for that week. Once certification is submitted, the applicant is notified of the "benefit amount" and the "stimulus amount" of their submitted claim.

10. At all times material to this Indictment, a person known to the grand jury as D.S. was imprisoned at Allegheny County Jail, where he lacked the means to file a claim for pandemic benefits. During that period, as defendant LATASHA HUTCHINSON well knew, D.S. was unavailable to accept work and was unemployed as a result of his imprisonment, rather than as a result of COVID-19.

## COUNT ONE

The grand jury charges:

11. Paragraphs 1 through 10 are re-alleged as if fully set forth herein.

12. On or about June 19, 2020, and continuing thereafter until on or about August 3, 2020, in the Western District of Pennsylvania, the defendant, LATASHA HUTCHINSON, knowingly falsified material facts by trick and scheme, to wit: LATASHA HUTCHINSON filed a claim with the Pennsylvania Department of Labor and made weekly certifications thereafter, representing that she was D.S., that D.S. was available to work, and that D.S. was unemployed as a direct result of the COVID-19 pandemic when, as LATASHA HUTCHINSON well knew, each of said representations falsified the material facts in that LATASHA HUTCHINSON was not D.S., that D.S. was not available to work, and that D.S. was not unemployed as a direct result of the COVID-19 pandemic.

13. Said scheme occurred in a matter involving a benefit, to wit: PUA and FPUC money that was paid in connection with the COVID-19 pandemic, which has been declared as an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

14. The above-described PUA and FPUC benefits were transported in the United States mail at any point in the transportation, transmission, transfer, disbursement, and payment of said benefits.

All in violation of Title 18, United States Code, Section 1040(a)(1).

A True Bill,

_____
Foreperson

_____
SCOTT W. BRADY
United States Attorney
PA ID No. 88352